UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JAMES LOCKETT,

       Plaintiff,

v.

                                        Case No. 2:05-cv-187
                                        HON. R. ALLAN EDGAR

JOE SUARDINI, et.al.,

       Defendants.
_____/

**MEMORANDUM AND ORDER**

Plaintiff James Lockett, a state prisoner in the custody of the Michigan Department of Corrections, brings this civil rights action under 42 U.S.C. § 1983. On May 17, 2006, plaintiff made a motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint. [Doc. No. 46]. Magistrate Judge Timothy P. Greeley denied the motion. Plaintiff has filed a motion for reconsideration which the Court treats as an objection and appeal from the Magistrate Judge's order under Fed. R. Civ. P. 72(a) and W.D. Mich. 72.3(a). The plaintiff's appeal [Doc. No. 52, motion for reconsideration] is **DENIED**. The Magistrate Judge's Order [Doc. No. 50] is not clearly erroneous or contrary to law.

On August 23, 2006, plaintiff filed another motion pursuant to Fed. R. Civ. P. 15(a) for leave to amend his complaint. [Doc. No. 65]. This time he submits a copy of his proposed amendments for the Court's review. Plaintiff seeks to add numerous new parties as defendants and to plead additional claims against them. The motion [Doc. No. 65] is **DENIED** for the following reasons.

In the exercise of its sound discretion, the Court may deny leave to amend a complaint under

Fed. R. Civ. P. 15(a) if the proposed amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Benzon v. Morgan Stanley Distributors, Inc.*, 420 F.3d 598, 613 (6th Cir. 2005); *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002); *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).  A proposed amendment to a complaint is futile if it would not survive a motion to dismiss. *Miller v. Calhoun County, Michigan*, 408 F.3d 803, 817 (6th Cir. 2005); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980); *Brown v. Potter*, 2005 WL 2090904, * 1 (W.D. Mich. Aug. 20, 2005).

To take advantage of the liberal standard under Rule 15(a) of freely allowing amendments to complaints, plaintiff Lockett is required to act with due diligence. *Spadafore v. Gardner*, 330 F.3d 849, 853 (6th Cir. 2003); *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).  Based on the circumstances and procedural history in the instant case, the Court finds that plaintiff Lockett has not acted with due diligence in making his motion to amend the complaint.  The plaintiff's motion to amend the complaint is untimely in that he waited until after the close of discovery to make the motion.  Where a plaintiff makes a late motion to amend a complaint after discovery is closed to add new parties and new causes of action without an adequate explanation or persuasive reason to justify the delay, it is not an abuse of discretion for the Court to deny the motion to amend under Rule 15(a).  *Caldwell v. Moore*, 968 F.2d 595, 599 (6th Cir. 1992).  This Court finds that plaintiff Lockett has not presented an adequate explanation and persuasive reason to justify the delay in making his untimely motion to amend the complaint.

Moreover, if plaintiff were allowed to amend his complaint at this late stage in the litigation process, it would result in undue, excessive delay.  The new parties would have to be served with process, a new round of pleadings and dispositive motions would follow, and  discovery would be

reopened.

The Court also concludes that the plaintiff's motion to amend the complaint must be denied because his proposed amendments are futile and would not survive a motion to dismiss for failure to state a claim upon which relief can be granted.  Plaintiff has not demonstrated that he exhausted his available administrative remedies on any of the new claims against the proposed new defendants as required by 42 U.S.C. § 1997e(a).

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56. [Doc. No. 27]. Magistrate Judge Timothy P. Greeley has submitted a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and W.D. Mich. LCivR 72.1 [Doc. No. 57].  The Magistrate Judge recommends that the defendants' motion for summary judgment be granted and that the plaintiff's complaint be dismissed with prejudice.

Plaintiff objects to the report and recommendation.  After reviewing the record *de novo*, the Court concludes that the plaintiff's objections are without merit and are **DENIED**.  The Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and W.D. Mich. LCivR 72.3(b).

Accordingly, the defendant's motion for summary judgment [Doc. No. 27] is **GRANTED** pursuant to Fed. R. Civ. P. 56.  The plaintiff's complaint shall be **DISMISSED WITH PREJUDICE** in its entirety as to all defendants.

A separate judgment will be entered.

SO ORDERED

Dated: August 30, 2006.

　　　　　　　　　　　　　　　　 */s/ R. Allan Edgar*
　　　　　　　　　　　　　　　　 R. ALLAN EDGAR
　　　　　　　　　　　　　　　　 UNITED STATES DISTRICT JUDGE